IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PUDENCIANO VILLARREAL, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No. 1:10-cv-297 |
| CEMEX, INC., | § § | (JURY TRIAL REQUESTED) |
| *Defendant*. | § § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## A.

## Parties

1. Plaintiff PUDENCIANO VILLARREAL is an individual residing in Los Fresnos, Cameron County, Texas.

2. Defendant CEMEX, INC. (hereinafter "Defendant CEMEX") is a Foreign (Louisiana) corporation doing business in Cameron County, Texas. It may be served with citation through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234 via certified mail, return receipt requested, restricted delivery. **Service of citation is requested at this time.**

## B.

## Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C.

## Facts

4. On or about December 4, 2008, while employed as a concrete finisher/form setter with G&T Paving Company ["G&T"], Plaintiff PUDENCIANO VILLARREAL was assisting in the finishing of a cement ramp at a job site in Harlingen, Texas [hereinafter "jobsite"].

5. On or about December 4, 2008, Defendant CEMEX was a subcontractor on the jobsite, delivering loads of concrete.

6. On or about December 4, 2008, a truck owned and operated by Defendant CEMEX was in reverse and backing up to pour cement at the jobsite. The truck was being driven on an uneven terrain that caused it to sway from side to side. In addition, the truck had a loaded chute of cement that was not locked in place, and Defendant CEMEX did not have a person assigned to direct the vehicle as it operated in reverse.

7. Due to the negligence of Defendant CEMEX, Plaintiff was struck in the chest by the loaded cement chute and knocked to the ground onto his buttocks.

8. Plaintiff suffered severe, permanent and disabling injuries. The incident in question, damages and injuries for which this suit is maintained by Plaintiff, was proximately caused by the negligence of the Defendant by and through its employees. Nothing Plaintiff did or failed to do caused or in any way contributed to this occurrence.

## D.

## Causes of Action

9. On or about December 4, 2008, Defendant CEMEX was responsible for the oversight and monitoring of the cement delivery at the jobsite. Plaintiff realleges the facts set

out in paragraphs 4-8 above. On the occasion in question, all of the employees of CEMEX were acting within the course and scope of their employment.

10. Defendant CEMEX owed a legal duty to Plaintiff to use ordinary care to ensure that the activities of its employees on the jobsite did not present a danger to Plaintiff, and to monitor, manage, supervise, and safely direct the activities of its employees on the jobsite. Further, Defendant CEMEX had a duty for its employees to conduct their activities using reasonable care and not to injure others through acts of negligence or failures to act that were negligent.

11. Defendant CEMEX breached all of such duties to Plaintiff in that its employees were negligent in the conduct of their activities on the job site and in their failures to safely control the cement chute on the occasion in question, and in their failures to prevent the injury of Plaintiff.

12. By and through the negligent actions or failures to act by its employees, Defendant CEMEX proximately caused substantial injuries and other damages to Plaintiff, including but not limited to injuries to Plaintiff's back, past and future medical expenses, loss of earnings and/or loss of earning capacity, past and future physical pain, mental anguish, and other temporary and permanent injuries.

### E.

### Damages

13. As a proximate result of Defendant's negligence, Plaintiff PUDENCIANO VILLARREAL sustained substantial, severe, and grievous injuries and other damages, including but not limited to the following:

   A. Medical expenses in the past and medical expenses which, in reasonable probability, will be incurred in the future, including prescription medication;

B.  Lost wages and/or lost earning capacity in the past, and, in reasonable probability, loss of income and/or earning capacity in the future;

C.  Past and future physical pain and mental anguish; and

D.  Past and future physical disability.

14. Plaintiff sues for the full value of all actual pecuniary damages suffered, and for the reasonable value of all of non-pecuniary damages, to be determined by the trier of fact, which amounts far exceed the minimum jurisdictional amount of this Court.

## F.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendant, commanding it to appear and answer herein and that upon final hearing on this cause, Plaintiff has judgment against Defendant in an amount to be determined by the Court and Jury, for all damages, plus pre-judgment and post-judgment interest, costs of court, and for such other and further relief, at law or in equity, both general and special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**LAW OFFICES OF PRESTON HENRICHSON**
222 West Cano
Edinburg, Texas  78540-1229
Telephone:  956/383-3535 / Telefax:  956/383-3585

/*Marissa Carranza Hernandez*/

**By:** _____
**Marissa Carranza Hernández**
Texas Bar No. 24038802
**Preston Henrichson**
Texas Bar No. 09477000